**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DONYANAZ NAZEM**<br>114 E 65th St<br>New York, NY 10065<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**U.S. CUSTOMS AND BORDER**<br>**PROTECTION**<br>1300 Pennsylvania Ave, NW<br>Washington, D.C. 20229<br><br>**DEFENDANT.** | **CIV ACTION NO.:  1:24-CV-176**<br><br>**COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF UNDER**<br>**THE FREEDOM OF INFORMATION**<br>**ACT** |

## INTRODUCTION

Plaintiff Donyanaz Nazem submitted a FOIA request to Defendant Customs and Border Protection ("CBP") on November 20, 2023, for records concerning her travel history.  Defendant CBP has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA.  Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

2.      This Court has jurisdiction to grant declaratory and further proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

1

§ 1391(e) because this is an action brought against Officers or Agencies of the United States residing in the District of Columbia.

## PARTIES

4.  Plaintiff DONYANAZ NAZEM is a permanent resident of the United States who resides in New York, New York.

5.  Defendant CUSTOMS AND BORDER PROTECTION ("CBP") is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

6.  Among other duties, Defendant CBP is responsible for inspecting individuals seeking entry to the United States, including lawful permanent residents such as Plaintiff.

7.  Defendant CBP has responsive records in its possession, custody and control, and is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

8.  Plaintiff Donyanaz Nazem is a lawful permanent resident of the United States.

9.  Desiring to apply for naturalization, Plaintiff Nazem sought to obtain her complete travel history so that she could accurately provide dates of any international travel on her form N-400.

10. Failure to provide such travel history is grounds for Plaintiff's naturalization application to be denied.

11. Through her attorney, Plaintiff Donyanaz Nazem filed a request for information under the Freedom of Information Act ("FOIA") with CBP on November 20, 2023.

12.     Plaintiff's FOIA request sought *only* a list of Plaintiff's entries to and exits from the United States.  See **Exhibit A**.

13.     CBP assigned the FOIA request control number CBP-FO-2024-022601 and assigned it to the "simple" FOIA track.

14.     Defendant CBP did not send Plaintiff Nazem or her attorney any acknowledgement letter describing how they would handle her request or when they intended to respond.

15.     Plaintiff's attorney emailed the CBP FOIA liaison asking about the status of the request and pointing out that the request is limited to simply entries and exits, making it a very simple request.  CBP responded that there is a backlog of FOIA requests and that most responses are taking "6-9 months." See **Exhibit B**.

16.     To date, Defendant CBP has failed to respond to the FOIA request.

17.     Under FOIA, an agency is required to make an initial determination with regard to a FOIA request within twenty business days of its receipt.  See 5 U.S.C. § 552(a)(6)(A)(i).

18.     If there are "unusual circumstances," as defined by statute, an agency may exten the time to make its determination by no more than ten working days.  5 U.S.C. § 552(a)(6)(B)(i).

19.     Under FOIA, a person making a request is deemed to have exhausted her administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute.  5 U.S.C. § 552(a)(6)(C)(i).

20.     Defendant CBP thus far has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired.  Defendant has further

failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE – Violation of Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond within the Time Required

21.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

22.     Within 20 days (excluding Saturdays, Sundays, and legal public holidays), after receiving a FOIA Request, Defendant CBP is required under 5 U.S.C. § 552(a)(6)(A)(i) to determine whether to comply with the request and to notify the Plaintiff of its determination and the reasons therefor, and of her rights to appeal any adverse determination administratively.

23.     Defendant's failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A), as well as the regulations promulgated thereunder.

### COUNT TWO – Violation of Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

24.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

25.     Defendant has violated its obligation under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request.  5 U.S.C. § 552(a)(3)(C).

### COUNT THREE – Violation of the Freedom of Information Act, 5 U.S.C. § 552; Wrongful Withholding of Records

26.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27.     Defendant is wrongly withholding agency records by failing to produce non-

4

exempt records responsive to Plaintiff's FOIA request, and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

28.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA request.

29.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

30.     Defendant's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 USC § 552(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant, and that the Court:

a.     Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this court;

b.     Declare that Defendant's failure to make a timely determination with regard to Plaintiff's request violates FOIA, 5 USC §§ 552(a)(6)(A)(i) and (B);

c.     Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Requst in accordance with 5 U.S.C. § 552(a)(3)(C);

d.     Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

e.     Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

f.     Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 USC §

5

552(a)(4)(E) and

g.     Grant all other such relief to the Plaintiff as the Court deems just and equitable.

Respectfully submitted,

/s/ *Jennifer Nimer*
JENNIFER NIMER (OH0004)
NIMER LAW LLC
6500 Emerald Pkwy, Suite 100
Dublin, OH 43016
Tel: 614-927-0270
Fax: 614-927-0550
jnimer@nimerlaw.com

*Attorney for Plaintiff*

6